**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4029**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVION MARQUIS WARD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00224-WO-2)

Submitted:  June 25, 2020                                        Decided:  July 15, 2020

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jamie L. Vavonese, VAVONESE LAW FIRM, P.C., Raleigh, North Carolina, for Appellant.  Erin S. Cox, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael Francis Joseph, Assistant United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devion M. Ward appeals his convictions and 116-month sentence imposed by the district court after he pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2018); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2018). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether the district court adequately explained the sentence it imposed on the robbery count. We directed the Government to file a response brief, and the Government complied. Ward was informed of his right to file a supplemental pro se brief but has not done so. For the reasons that follow, we vacate and remand for resentencing.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In sentencing a defendant, the district court must "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019); *see United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). In this case, the court specifically, though briefly, addressed three of Ward's four claims in support of a sentence at the low end of or below the Guidelines range: his relative culpability compared to his accomplice, his maturity and limited criminal history, and his education. However, the court did not address Ward's argument regarding his family responsibilities, instead only making broad references to Ward's

2

accomplice's unusual family circumstances. Accordingly, we conclude that the district court failed to conduct an "individualized assessment," *Ross*, 912 F.3d at 744, and that its "failure to address [Ward's] arguments . . . render[ed the] sentence procedurally unreasonable," *Blue*, 877 F.3d at 519.

Where the court fails to adequately explain the chosen sentence, we will vacate the sentence "unless we conclude that the [district court's] error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). Here, the Government argued that the court's explanation was sufficient, and did not address whether, if insufficient, "the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." *Id.* at 585. We therefore affirm Ward's convictions but vacate the sentence and remand for resentencing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no further meritorious issues for appeal. This court requires that counsel inform Ward, in writing, of the right to petition the Supreme Court of the United States for further review. If Ward requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ward.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*